CODONE *vs.* THE STATE OF GEORGIA.

1. If the jury believed the witnesses for the state, there was sufficient evidence to support their finding, and there was no abuse of discretion in refusing a new trial, on the ground that the verdict was contrary to law and evidence.

2. Although some portions of the charge, when taken alone, may seem to be erroneous, yet if, when taken in connection with the context, they are proper and legal, a new trial will not be granted because of them.

3. There was no error in refusing to continue this case, nor in not interposing to repel illegal testimony before objection was made to it, the objection, when made, being promptly sustained, and the evidence rejected.

Judgment affirmed.

March 17, 1885.

HALL, Justice.

[Codone was indicted and convicted of burglary. He moved for a new trial, on the following among other grounds:

(1.) Because the verdict was contrary to law and evidence.

(2.) Because the court charged as follows: "If, after going through the case, you believe the evidence to be true, adopt it. If you believe it to be false, reject it. A sworn lie is just as damaging to the defendant as an unsworn lie, and an unsworn truth has as much effect as a sworn truth. Truth is truth all the same, and falsehood is falsehood, no matter from whence it comes. You are seeking only for truth, and upon that truth base your verdict."

(That part of the charge immediately preceding the part excepted to was as follows: " In considering the case, and in connection with all the other evidence in the case, you are to regard the statement of the prisoner; give it due weight and consideration, and if you believe it to be true, you may adopt it, even though you have to disregard the sworn evidence to do so. If you believe it to be false, you may disregard it. You are entirely without any rule to guide you; it is entirely with you, and you may believe a part of it and disbelieve a part of it; of course you are expected to believe that which you find to be true from the case and disbelieve what is false. Therefore if it is all true, believe it all; and that is true of all evidence." Then follows the charge complained of, and then a charge on reasonable doubts.")

(3.) Because the court refused a continuance on the following showing: Defendant, sworn, said: "That Sarah Mungin was a material witness for him in the trial of the case; she is absent; that he proposed to prove by her that he did not commit the offense; witness was now in Savannah, Georgia; was not absent by his procurement or consent; hoped to have her present at next term of the court. Motion was not made for delay, but that he might procure the testimony of the witness; could not safely go to trial

in her absence. That at the last term of the court, his counsel told him to have said witness subpœnaed; that he at once went to the clerk, T. O'Connor, Jr., and directed him to have said witness subpœnaed at once, and that during the rest of said term she was regularly in attendance upon the court, until the case was called up and passed for the term, and that he therefore fully believed that she had been subpœnaed." O'Connor, the clerk, said he had no recollection of the matter, and that the subpœna docket did not show that the witness had been subpœnaed.

(4.) Because questions asked by solicitor general, to-wit, " Do you know Horace Codone ?" Answer—"I do." " Do you know his general character?" and which defendant's counsel were forced to object to, tended greatly to damage defendant in his case, and because the same should have been promptly ruled out by the court, without awaiting the objection of defendant; it being an attempt by the state to put defendant's character in issue, the defendant not having put his character in issue.

The motion was overruled, and defendant excepted.]